# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SEAN VILLAVASO OBO THE**
**ESTATE OF CECILE L. MURPHY**                                       **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO.:** 1:23cv285 LG-RPM

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT**

## NOTICE OF REMOVAL

TO:   Honorable Judges of the United States District Court for the Southern District of Mississippi, Southern Division

**COMES NOW,** the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would respectfully show this Court as follows, to wit:

### I.

Plaintiff filed the Complaint against the Defendant on September 29, 2023, in the Circuit Court of Pearl River County, Mississippi, said action being designated as *Sean Villavaso OBO Estate of Cecile L. Murphy vs. State Farm Fire and Casualty Company, Cause No.: CI23-CV-176-CM* (hereinafter referred to as the "State Court Action"). On October 24, 2023, Plaintiff filed a First Amended Complaint in the Circuit Court of Pearl River, County, Mississippi.

### II.

State Farm was provided notice of the filing of the Complaint on or about October 10, 2023. A copy of the Complaint filed in the Circuit Court of Pearl River

County, Mississippi, is attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446. Plaintiff's counsel emailed undersigned counsel a copy of the First Amended Complaint on October 24, 2023, a copy of which is attached hereto as Exhibit "B."

### III.

Pursuant to 28 U.S.C. § 1446(b), the Defendant files this Notice of Removal within thirty (30) days of being notified of the Plaintiff's original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting forth the claim for relief upon which such action is based, and reserves all of its defenses, including those defenses contained in Rule 12 of the Federal Rules of Civil Procedure.

### IV.

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

### PARTIES

### V.

In their Complaint, the Plaintiff pleads that he is an adult resident citizen of Pearl River County in the State of Mississippi. Plaintiff pleads the same citizenship in the First Amended Complaint.

### VI.

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

## DIVERSITY OF CITIZENSHIP

### VII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). As articulated above, the Plaintiffs are citizens of the State of Mississippi and State Farm is a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

### VIII.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In the original Complaint, Plaintiff asserts that his house suffered damage during Hurricane Ida on August 29, 2021, to the extent that his house now requires a new roof, new decking, new sheetrock in ceilings and walls, new flooring, new insulation, and new baseboards and trim among other things as well as contents damages and that he is entitled to policy benefits under a policy of insurance issued by State Farm. Ex. A. at ¶5. Plaintiff further alleges that State Farm breached its contract with him, entitling him to damages for property loss, loss of use of the property as well as anxiety, emotional distress, pain and suffering, medical expenses, worry, and mental distress. Ex. A. at ¶11. Additionally, Plaintiff alleges that State Farm breached the insurance contract in bad faith and intentionally as further support for the alleged damages, *supra*. *Id.* at ¶¶13-15, 17. Lastly, in addition to seeking

policy benefits and other compensatory damages described above, the Plaintiff alleges that due to the alleged bad faith conduct of Defendant, he is entitled to punitive damages and *Veasley* damages. *Id.* at ¶¶19, 25, and 27. In his *ad damnum*, Plaintiff again asserts that he seeks to recover against State Farm "tortious economic and non-economic damages, past present (sic), and future emotional and physical pain and suffering, contractual and extra-contractual damages, *Veasley* damages, punitive or exemplary damages, and/or other economic losses to be determined by a jury together with pre-judgment and post-judgment interest, with attorneys' fees and costs." *Id.* at p. 7.

In Plaintiff's First Amended Complaint, he states that his home was damaged by Tropical Storm Claudette on June 19, 2021. Ex. B at ¶. 5. Plaintiff alleges that Claudette damaged the home to the extent that his house now requires a new roof, new decking, new sheetrock in ceilings and walls, new flooring, new insulation, and new baseboards and trim among other things as well as contents damages and that he is entitled to policy benefits under a policy of insurance issued by State Farm. *Id.* Plaintiff's First Amended Complaint alleges that due to State Farm's failure to properly pay damages associated with Claudette, additional damages resulted from Hurricane Ida on August 29, 2021. Ex. B at ¶ 6. Plaintiff further alleges that State Farm breached its contract with him, entitling him to damages for property loss, loss of use of the property as well as anxiety, emotional distress, pain and suffering, medical expenses, worry, and mental distress. Ex. B. at ¶12. Additionally, Plaintiff alleges that State Farm breached the insurance

contract in bad faith and intentionally as further support for the alleged damages, *supra*. *Id.* at ¶¶14-16. Lastly, in addition to seeking policy benefits and other compensatory damages described above, the Plaintiff alleges that due to the alleged bad faith conduct of Defendant, he is entitled to punitive damages and *Veasley* damages. *Id.* at ¶¶20 and 26. In his *ad damnum*, Plaintiff again asserts that he seeks to recover against State Farm "tortious economic and non-economic damages, past present (sic), and future emotional and physical pain and suffering, contractual and extra-contractual damages, *Veasley* damages, punitive or exemplary damages, and/or other economic losses to be determined by a jury together with pre-judgment and post-judgment interest, with attorneys' fees and costs." *Id.* at p. 7.

## IX.

Given the nature and extent of Plaintiff's allegations regarding compensatory damages, particularly with reference to Plaintiff's assertion that essentially the entire house requires replacement (roof, decking, windows, walls, floors, trim, insulation, etc.), the "matter in controversy" clearly exceeds the $75,000 jurisdictional limit of this Court. And, even if this were not the case, Plaintiff's claim for punitive and *Veasley* damages would be sufficient to meet the jurisdictional limit of this Court. *See, e.g., Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction.") (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988));

*Chambley v. Employers Ins. of Wassau*, 11 F.Supp.2d 693, 695 (S.D. Miss. 1998) ("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits"); *Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages….").

## CONCLUSION

### X.

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law.

### XVII.

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Pearl River County, Mississippi.

**WHEREFORE, PREMISES CONSIDERED**, the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, respectfully submits this Notice of Removal from the Circuit Court of Pearl River County, Mississippi, to the United

States District Court for the Southern District of Mississippi, Southern Division.

The Defendant further requests any additional relief to which it may be entitled.

**DATED**: October 25, 2023.

        Respectfully submitted,

        BRYAN, NELSON, SCHROEDER,
        CASTIGLIOLA & BANAHAN, PLLC
        Attorneys for Defendant,

        **STATE FARM FIRE AND CASUALTY COMPANY**

        BY: /s/ *Calen J. Wills*
        **CALEN J. WILLS (MSB 104271)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.: (228) 762-6631
Fax No.: (228)769-6392
Email: calen@bnscb.com

## CERTIFICATE OF SERVICE

I, **CALEN J. WILLS**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date sent by electronic mail a true and correct copy of the foregoing <u>Notice of Removal</u> to:

Mary Ashley Miller, Esq.<br>
MORRIS BART, LTD.<br>
1712 15th Street, Suite 300<br>
Gulfport, MS  39501

**DATED:** October 25, 2023

BY: /s/*Calen J. Wills*
**CALEN J. WILLS (MSB 104271)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**
1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.:  (228) 762-6631
Fax No.:  (228)769-6392
Email:  calen@bnscb.com