IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTINA VILLAVASO**
**BIGELOW** *as Trustee for the CLM Trust*
                                                                                             **PLAINTIFF**

**v.**                                                               **CAUSE NO. 1:23-CV-285-LG-RPM**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                             **DEFENDANT**

**ORDER GRANTING DEFENDANT'S**
**MOTION TO STRIKE PLAINTIFF'S EXPERT**

**THIS MATTER IS BEFORE THE COURT** on the Defendant's Motion to strike Plaintiff's Expert Richard Lyon [Doc. 37]. For the reasons set forth below, the Defendant's Motion is granted.

**I. BACKGROUND**

The CLM Trust ("CLM") is the owner of real property including a home and multiple barns located at 25 Cattle Farm Road in Picayune, Mississippi. At all times relevant, these structures were insured under a homeowner's policy issued by State Farm Fire and Casualty Company ("State Farm"). CLM's lawsuit[1] arises from alleged damages caused by Tropical Storm Claudette on or about June 19, 2021, and additional damage caused by Hurricane Ida on or about August 29, 2021. [Doc. 5]. State Farm's estimate of damages to the home total $5,505.17, the actual

---

[1] This litigation was originally filed by Plaintiff *Sean Villavaso OBO The Estate of Cecile Murphy*. Christina Villavaso Bigelow as the Trustee for the CLM Trust was substituted as the proper party plaintiff by Order Granting Second Amended Motion to Substitute [Doc. 67].

cash value of which falls below the Policy deductible. [Doc. 35-8]. On March 11, 2024, CLM designated its expert Public Adjuster/Appraiser, Richard Lyon ("Lyon"), to contest State Farm's estimate of damages incurred. [Docs. 32-1 and 32-2]. State Farm filed its Motion to Strike Expert Lyon [Doc. 37] and supporting Memorandum [Doc. 38] pursuant to Federal Rules of Civil Procedure 26 and 37 and Federal Rules of Evidence 702 and 403.

## II. DISCUSSION

CLM was required to designate its expert witnesses no later than March 12, 2024 [March 6, 2024, Text Only Order]. CLM timely filed its Expert Designation identifying Lyon and incorporating his June 8, 2023, estimate of repair for the home and additional Property structures [Doc. 32-1, pp. 10-50]. In its purported designation, CLM states "Mr. Lyon's report will be supplemented upon completion." [Doc. 35-1 p. 1]. On June 6, 2024, more than two months after expiration of CLM's expert designation deadline, CLM filed its Motion to Supplement Expert Report and Amend Case Management Order [Doc. 32] incorporating Lyon's written May 30, 2024, Expert Report. [Doc. 32-5]. State Farm argues that, not only is Lyon's original report inadequate, but the supplemental report is an untimely "initial report" and seeks to strike Lyon's opinions for non-compliance with Rule 26. [Doc. 37 p. 2].

### A. ADEQUACY OF PLAINTIFF'S EXPERT DISCLOSURE

A party's expert disclosure "must be accompanied by a written report[,]" which must contain:

    (i)      a complete statement of all opinions the witness will express and the basis and reasons for them;

    (ii)     the facts or data considered by the witness in forming them;

    (iii)    any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

These reports must be "detailed and complete" because "the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information[.]" *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 26 Advisory Committee Notes). In *Sierra Club*, the district court ordered expert disclosures to include a report containing substantively the same requirements of Rule 26(a)(2)(B). *Id.* at 570. The Fifth Circuit held that a plaintiff who simply declares what the expert intends "to research and to discuss at trial[,]" without providing substantive opinions, does not provide an adequate report. *Id.* at 571. A plaintiff that "later reinforce[s] these statements with . . . supplemental disclosures" does not satisfy Rule 26(a)'s "clear[] [requirement] that the *initial* disclosures be complete and detailed." *Id.* "The purpose of . . . supplementary disclosures is just that—to . . . supplement." *Id.* This Court has previously held that "conclusory unsupported allegations" without any "basis or reasoning" for the expert's opinions does not satisfy Rule 26. *Campbell v.*

*McMillin*, 83 F. Supp. 2d 761, 764–65 (S.D. Miss. 2000). Other courts agree that reports should essentially anticipate what the expert will testify at trial.[2]

CLM's initial Expert Designation included Lyon's curriculum vitae, compensation rate, previous testimony, photographs, roof reports, and estimates [Doc. 35-1 pp. 5–9; 35-2]. CLM's initial Designation did not include the basis and reasons for Lyon's estimates; the facts or data relied upon by Lyon in forming his opinions; or a written, signed report as to Lyon's expected testimony. These documents clearly do not meet requirements of a written report and are deficient pursuant to Fed. R. Civ. P. 26. CLM argues that "even if Lyon's initial report . . . was immaculately in narrative form, and signed, it would still have to be supplemented with the missing information." [Doc. 44 p. 10]. This argument ignores the Rule 26 requirement that the *initial* report must be complete and not vague. *See Sierra Club*, 73 F.3d at 571. Lyon's estimates, without explanation or opinions, constitute "conclusory unsupported allegations." *See Campbell*, 83 F. Supp. 2d at 764–65.

CLM argues that Lyon's estimates constitute a report because it was to be supplemented at a later date. This argument fails under *Sierra*. "[S]upplemental

---

[2] *See Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007) (Other than a lack of signatures, experts' report substantially complied with Rule 26, as it "stated the opinions . . . and the basis for those opinions[.]"); *Robinson v. District of Columbia*, 75 F. Supp. 3d 190, 195 (D.D.C. 2014) (A report should "provide[] a complete description of the opinions he plans to offer at trial and . . . explain how he arrived at them."); *Mixon v. U.S.*, 58 F. Supp 3d 1355, 1365 (M.D. Ga. 2014) (quoting *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("The idea is to give 'the substance of the testimony which an expert is expected to give on direct examination.'")).

expert disclosures under Rule 26(e) 'are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.'" *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996).  CLM failed to properly designate Lyon as an expert on March 11, 2024. It was not until June 6, 2024, almost three months after CLM's expert designation deadline, that it provided Lyon's written May 30, 2024, report.  [Doc. 35-6].

B.  **SUBSTANTIALLY JUSTIFIED OR HARMLESS FACTORS**

CLM argues that even if Lyon's report was initially inadequate, the inadequacy should be excused as his report would still have to be substantially changed after State Farm provided its Supplemental Disclosures.  CLM further argues that because a supplemental report would have been necessary regardless of Lyon's initial report, any potential error is substantially harmless.

Under the Local Rules, "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court."  L. U. Civ. R. 26(a)(2)(B).  Failing to comply with the requirements of Rule 26 forecloses the party from using the expert's information "to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The Court looks to the following factors to determine whether a party's failure to timely disclose an expert is harmless or substantially justified: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony;

and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citation omitted).

The first factor weighs in favor of State Farm. State Farm's production of critical documents on March 25, 2024, after CLM's expert designation deadline necessitated the subsequent report. [Doc. 44, p. 9]. As addressed earlier, Lyon's "subsequent report" is instead his *initial report*. CLM fails to state why the *initial report* was not produced until more than two and a half months after the designation deadline or why Lyon needed this time to review the "critical documents" necessary to author his report. Instead, it appears that CLM failed to explain to Lyon his true assignment—to create a report—until well after the designation deadline, uprooting CLM's argument that Lyon intended to make a report on March 12, 2024. *See* [Doc. 35-3 pp. 30–31]. Even accepting *arguendo* that State Farm's production required a supplemental report by Lyon, CLM cannot merely rely on a relation back argument as there was no initial report to relate back to. The Court granted CLM an extension to March 12, 2024, in which to file its expert designation. CLM had ample time to submit Lyon's initial report in a timely manner. *See* [March 6, 2024, Text Only Order]. Simply put, CLM was aware that the Rule 26 disclosures were due. It has failed to state why an initial report was not filed prior to the deadline.

If the Court strikes Lyon, then State Farm may be entitled to summary judgment. Plaintiff asserts that Lyon is absolutely essential to CLM's claims. While this factor leans in favor of CLM, "the importance of proposed testimony

cannot 'singularly override the enforcement of local rules and scheduling orders.' Additionally, the importance of the testimony underscores how critical it" is for a plaintiff to timely designate the expert.  *See Hamburger*, 361 F.3d at 883 (citation omitted).

 The third factor weighs in State Farm's favor.  The "delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and is thus prejudicial." *Buxton v. Lil' Drug Store Prods., Inc.*, No. 2:02cv178KS-MTP, 2007 WL 2254492, at *7 (S.D. Miss. Aug. 1, 2007) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).  CLM did not timely designate Lyon.  So, Lyon's untimely report left State Farm without the chance to retain a counter-expert.  CLM's Motion for Leave to File Supplemental Expert Report [Doc. 32] on June 6, 2024, was the first time it provided Lyon's May 30, 2024, Supplemental Report, more than two months after State Farm's expert designation deadline had expired.  *See* [03/06/2024 Text Only Order].  Additionally, this failure left State Farm's deposition of Lyon at a disadvantage to prepare for trial or anticipate his future testimony.  During his May 30, 2024, deposition, Lyon repeatedly could not, or refused to, answer questions regarding his investigation and inspection of the CLM property.  *See* [Doc. 35-3 pp. 9–12, 15–18].  Additionally, Lyon testified in his deposition that the June 8, 2023, estimate produced in CLM's initial Expert Designation is "no longer relevant." [Doc. 35-3, pp. 24].

 The fourth factor favors State Farm.  The ability and opportunity for State Farm to depose Lyon as to his May 30, 2024, report with a continuance still does not

solve the prejudice, as "this would obviously result in additional delay and increase the expense of defending this lawsuit." *Buxton*, 2007 WL 2254492, at *7 (citing *Hamburger*, 361 F.3d at 883).  While CLM offered State Farm "the option to re-depose Mr. Lyon at Plaintiff's expense after submission of the supplemental reports[,]" this offer does not address the likely delay in the case and prejudice to State Farm.  [Doc. 44, p. 12].  Additionally, a continuance would not alleviate the prejudice to State Farm as the discovery and expert deadlines have expired.  Absent a rescheduling of deadlines State Farm is unable to retain counter-experts.  Granting an extension of those deadlines would require a continuance of the trial, which weighs in favor of striking Lyon's opinions.  As the court noted in H*amburger:*

> Since the first and third factors militate against permitting the testimony, the trial court was not obligated to continue the trial. Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance. Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883–84 (5th Cir. 2004).

*See also Foster v. State Farm Fire & Cas. Co.*, No. 2:22-cv-50-HSO-BWR, 2023 WL 2616939, at *8 (S.D. Miss. Mar. 23, 2023); *Buxton*, 2007 WL 2254492, at *7 (citing *Hamburger*, 361 F.3d at 883); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 454 (S.D. Miss. 2004)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the State Farm's Motion to Strike Plaintiff's Expert Richard Lyon [37] is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2024.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.

UNITED STATES DISTRICT JUDGE